


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LAQUAN DEVOTA HARRIS,

                Plaintiff,

-against-

MERYLAND RENYLDS, and
MERIE ALAXSANDRA,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-4818 (AMD) (LB)

ANN M. DONNELLY, United States District Judge:

The *pro se* plaintiff, LaQuan D. Harris, filed this action against Meryland Renylds and Merie Alaxsandar, alleging that they made false allegations against him. The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court will dismiss an *in forma pauperis* action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

1

(2009) (citing *Twombly*, 550 U.S. at 556). *Pro se* complaints are held to less stringent standards than pleadings prepared by attorneys; the court must read a *pro se* litigant's complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

Meryland Renylds and Merie Alaxsandra are employees of "ICL." (ECF No. 1 at 2.) The complaint is difficult to read, but the plaintiff seems to allege that the defendants made false accusations against him to the police in September of 2018, which resulted in criminal charges being brought against him. (*Id.* at 5.) The plaintiff also asserts that Meryland Renylds gave false testimony and committed perjury. (*Id.*) The plaintiff alleges that the defendants plotted to sabotage his reputation. (*Id.* at 5-6)

The plaintiff must establish that the district court has subject matter jurisdiction over the case. *See, e.g., Rene v. Citibank NA*, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The parties cannot waive subject matter jurisdiction, and they, or the court, may raise jurisdictional challenges at any time. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If subject matter jurisdiction is lacking, the district court must dismiss the complaint without regard to the merits of the lawsuit. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996).

Federal subject matter jurisdiction exists only when a "federal question" is presented under 28 U.S.C § 1331, or, as provided in 28 U.S.C. § 1332, where the plaintiffs and all the defendants are citizens of different states and the amount in controversy exceeds $75,000. *Rene*, 32 F. Supp.2d at 542. "The party invoking federal jurisdiction bears the burden of establishing

2

that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks and citations omitted).

A liberal construction of the complaint suggests that the plaintiff is claiming false arrest under 42 U.S.C. § 1983. But the claim fails. Under Section 1983, individuals may bring a private cause of action for deprivations of their federal or constitutional rights against people who are "acting under color of state law." *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). However, the plaintiff does not set forth any facts to suggest that the defendants are state actors,[1] or that they acted in concert with any state actor. *See Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983) ("[Section] 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding" because witnesses in judicial proceedings have absolute immunity and such testimony alone does not establish state action); *Gordon v. City of New York*, No. 10-CV-5148, 2012 WL 1068023, at *12 (E.D.N.Y. Mar. 29, 2012) (private party not liable under Section 1983 for grand jury testimony); *see also Vazquez v. Combs*, No. 04-CV-4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation.").

If the plaintiff means to claim that the defendants slandered or defamed him, that is a state law claim that cannot be brought in federal court unless the parties are citizens of different states. But here, the parties are all New York State citizens. (ECF No. 1 at 2-3.)

---

[1] It is not clear from the complaint what the acronym "ICL" signifies. The plaintiff should identify "ICL" in an amended complaint if he intends to file one.

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice to bring them in the proper state court or administrative agency. The Court grants the plaintiff leave to file an amended complaint within 30 days of the date of this order. The amended complaint must allege claims arising under federal law, or, if under state law, the amended complaint must include allegations that the parties are citizens of different states, and that the amount in controversy exceeds $75,000. If the plaintiff does not file an amended complaint within 30 days, the complaint will be dismissed and judgment will enter. No summonses will issue at this time, and all further proceedings will be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
September 19, 2019